**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| GREGORIO CARMONA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 15-CV-462 |
| v. ) | |
| ) | Hon. Amy J. St. Eve |
| CITY OG CHICAGO *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

AMY J. ST. EVE, District Court Judge:

On January 16, 2015, Plaintiff Gregorio Carmona ("Carmona") brought the present Complaint against Defendants City of Chicago (the "City") and several individual Chicago police officers alleging numerous constitutional violations and state law claims. Before the Court is the City's motion to dismiss Plaintiff's *Monell* claim brought pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants the City's motion.

**BACKGROUND**

On January 16, 2013, a fire occurred at Plaintiff's residence in Chicago. (R. 1, Compl. ¶¶ 4, 12.) That night, emergency personnel took Plaintiff and Claudia Martinez-Rayo to Swedish Covenant Hospital for injuries sustained in the fire. (*Id.* ¶ 13.) On January 17, Martinez-Rayo died from her injuries. (*Id.* ¶ 14.) The same day, at approximately 2:40 AM, three Chicago police officers interrogated Plaintiff in the hospital while he was being treated for smoke inhalation. (*Id.* ¶ 15.) Plaintiff alleges that during the interrogation, the officers handcuffed Plaintiff to his hospital bed, neglected to advise him that he was under arrest or of his *Miranda* rights, and collected evidence from his person. (*Id.* ¶¶ 16-19.) The officers also refused to allow

1

Plaintiff to speak to family or friends. (*Id.* ¶ 21.) Plaintiff alleges that the initial interrogation lasted 1-2 hours and that the officers interrogated him again that night at the hospital. (*Id.* ¶¶ 22-23.) Plaintiff claims that during the interrogation, he was not permitted to leave and the questions the officers asked were coercive and designed to elicit incriminating responses. (*Id.* ¶¶ 24-25, 28.) On January 18, officers arrested Plaintiff and Plaintiff was incarcerated without bond for release. (*Id.* ¶¶ 27, 32-33.) Plaintiff alleges that Detective Dantes prepared a search warrant for his vehicle without probable cause. (*Id.* ¶¶ 29-31.)

In his *Monell* claim, Plaintiff alleges that the City's deliberate indifference caused the police officers' constitutional violations. (*Id.* ¶ 55.) Specifically, Plaintiff alleges that the City encouraged the misconduct at issue by failing to adequately discipline similar misconduct and failing to supervise and control its officers. (*Id.* ¶ 56.)

## LEGAL STANDARD

### I.     12(b)(6)

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.,* 761 F.3d 732, 736 (7th Cir. 2014). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Id.* Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570). In determining the sufficiency of a complaint under the plausibility standard, courts must "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiffs' favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016).

## ANALYSIS

The City argues that the Court should dismiss Plaintiff's claim under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), because Plaintiff's conclusory allegations fail to sufficiently allege that the City maintained an unconstitutional widespread practice or inadequately trained its officers.

In *Monell*, the Supreme Court established that a municipality may face liability for money damages under § 1983 only if the unconstitutional act about which the plaintiff complains was caused by (1) an official policy adopted and promulgated by its officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority. *Johnson v. Cook Cnty.*, 526 Fed. Appx. 692, 695 (7th Cir. 2013) (citation and internal quotation marks omitted); *see also Thomas v. Cook Cnty. Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2010) (citing *Monell*, 436 U.S. at 690). While there is no heightened pleading standard for *Monell* claims, *Estate of Sims ex rel. Sims v. Cnty. of Bureau*, 506 F.3d 509, 514 (7th Cir. 2007), legal conclusions and conclusory allegations are not enough. *Iqbal*, 556 U.S. at 679.

Here, Plaintiff has not alleged the existence of an express policy that caused his constitutional deprivation nor does he allege that a person with final policymaking authority directly caused his deprivation. Plaintiff must thus allege a widespread practice of deliberate indifference to unconstitutional interrogations "so permanent and well-settled that it constitutes a

custom or practice." *Sims*, 506 F.3d at 515. The Seventh Circuit has declined to "adopt any bright-line rules defining a widespread custom or practice, but to allege a widespread practice a plaintiff must state that the City policymakers were "deliberately indifferent as to [the] known or obvious consequences" of the alleged practice. *Thomas*, 604 F.3d at 303. In order for a plaintiff to prevail on a deliberate indifference claim in this context, the municipality or city official "must have been aware of the risk created by the custom or practice and must have failed to take appropriate steps to protect the plaintiff." *Id.* In addition, a plaintiff pursuing a widespread practice claim generally must allege more than one, and sometimes more than three, instances of misconduct. *Id.* This requirement is intended to "demonstrate that there is a policy at issue rather than a random event." *Id.* Finally, "to establish municipal liability, a plaintiff must show the existence of an 'official policy' or other governmental custom that not only causes but is the "moving force" behind the deprivation of constitutional rights." *Teesdale v. City of Chi.,* 690 F.3d 829, 833–34 (7th Cir. 2012).

Here, Plaintiff's *Monell* allegations are insufficient for several reasons. First, as noted above, the Seventh Circuit has held that a plaintiff must allege that a widespread practice caused the harm suffered and not a random event, and a plaintiff typically must allege more than one instance of misconduct to do so. *Thomas*, 604 F.3d at 303. Put differently, while "it is not impossible for a plaintiff to demonstrate the existence of an official policy or custom by presenting evidence limited to [one individual's] experience," it is difficult because "what is needed is evidence that there is a true municipal [or corporate] policy at issue not a random event." *Grieveson v. Anderson*, 538 F.3d. 763, 774 (7th Cir. 2008). Here, Plaintiff's boilerplate allegations state that the City had a widespread policy of allowing officer misconduct, but he has not alleged *any* additional instances of police interrogation misconduct generally, and he also has

4

not alleged any other instances of interrogation misconduct similar to his interrogation, where the suspect was in the hospital recovering from injuries. Courts in this District regularly dismiss *Monell* claims where the plaintiff has failed to allege instances of misconduct other than that from which he suffered. *See, e.g.*, *Arita v. Wexford Health Sources, Inc.*, No. 15-CV-01173, 2016 WL 6432578, at *2 (N.D. Ill. Oct. 31, 2016) (rejecting *Monell* claim because there were no allegations of misconduct outside plaintiff's own experience); *Taylor v. Wexford Health Sources, Inc.*, No. 15 C 5190, 2016 WL 3227310, at *4 (N.D. Ill. June 13, 2016) (same); *Winchester v. Marketti*, No. 11-cv-9224, 2012 WL 2076375, at *4 (N.D. Ill. June 8, 2012) ("What is fatal to the *Monell* claims, however, is that Plaintiff makes no attempt to plead a pattern of similar constitutional violations with any degree of factual specificity."); *Jones v. Feinerman*, No. 09 C 03916, 2011 WL 4501405, at *6 (N.D. Ill. Sept. 28, 2011) (dismissing *Monell* claim because plaintiff alleged deliberate indifference that was limited "only to him").

Plaintiff's failure-to-train and failure-to-discipline allegations are similarly insufficient. Plaintiff alleges, in conclusory fashion and without any supporting factual detail, that the City causes the misconduct at issue here by failing to adequately train or discipline its police officers. Again, courts regularly reject boilerplate allegations like Plaintiff's that lack any supporting facts. In *Foy v. City of Chi.*, No. 15 C 3720, 2016 WL 2770880, at *9 (N.D. Ill. May 12, 2016), for example, the court rejected a *Monell* claim premised on failure-to-train allegations because the allegations were boilerplate, failed to "articulate what specific training was lacking," and failed to support the inference that the alleged lack of training caused the plaintiff's constitutional deprivation. *Id.* The court also rejected the plaintiff's boilerplate failure-to-discipline allegations explaining that plaintiff "never articulate[d] what the City's actual practice is for disciplining officers that engage in the misconduct that allegedly occurred" and did not

5

allege any instances in which the City condoned similar conduct by officers at the police station where the plaintiff's alleged constitutional deprivation occurred. *Id.*

Several other courts in this District have similarly rejected conclusory *Monell* allegations regarding a failure to train or discipline police officers. *See, e.g.*, *Harris v. Kruger*, No. 13-CV-8584, 2015 WL 300497, at *5 (N.D. Ill. Jan. 22, 2015) (dismissing failure to train and discipline *Monell* claim where the plaintiff failed to "allege what is the policy or practice," and alleged "only that the policy results in misconduct"); *Hardy v. Wexford Health Sources, Inc.*, No. 12-CV-6554, 2015 WL 1593597, at *14 (N.D. Ill. Apr. 2, 2015) ("Absent allegations of what training [ ] was lacking and how that deficiency impacted [plaintiff's] health or that of his fellow inmates, [plaintiff] has failed to state a claim for deliberate indifference due to a failure to train"); *Maglaya v. Kumiga*, No. 14-CV-3619, 2015 WL 4624884, at *5 (N.D. Ill. Aug. 3, 2015) ("Plaintiffs also fail to plead how this alleged failure to train officers was the moving force behind Plaintiffs' constitutional harm."); *Kowalski v. Cnty. of DuPage,* 2013 WL 4027049, at *2 (N.D. Ill. Aug. 7, 2013) (holding that an otherwise unsupported allegation that defendant municipality had failed to train and supervise its police officers on the appropriate amount of force to use in apprehending suspects was insufficient to state a *Monell* claim); *Suber v. City of Chi.*, No. 10 C 2876, 2011 WL 1706156, at *4 (N.D. Ill. May 5, 2011) (dismissing *Monell* claim when the "complaint [was] devoid of any plausible allegations about how Defendants failed to train their police officers despite foreseeable consequences and/or repeated complaints of constitutional violations").

Plaintiff attempts to salvage his boilerplate and conclusory *Monell* allegations by attaching the Department of Justice's ("DOJ") January 2017 report on the Chicago Police Department to his Response and arguing that the report, which largely focuses on Chicago police

6

officers' unreasonable use of force and the failure of the Chicago Police Department to adequately regulate this use of force, broadly supports his claim that the City was deliberately indifferent to the police mistreatment he suffered. (Pl.'s Resp. 4.) Plaintiff's argument is unavailing. While the DOJ report does discuss deficiencies in the Chicago Police Department's accountability, training, and disciplinary systems, Plaintiff has not alleged, nor does his Response indicate, how the deficiencies described in the DOJ report relate to Plaintiff's claim that police officers illegally handcuffed and interrogated him in a hospital bed and arrested him without probable cause. As discussed above, to allege a *Monell* claim, Plaintiff cannot merely generally allege that the City broadly had a policy that led to officer misconduct—he must allege some factual details about the nature of the policy and how that policy led to his alleged constitutional deprivation. *See, e.g. Foy*, 2016 WL 2770880, at *9; *Maglaya*, 2015 WL 4624884, at *5. Plaintiff's broad citation to the 160-page DOJ report, without any discussion of the specific findings of the report or any allegations connecting the report findings to the misconduct alleged in his Complaint, is insufficient to support his *Monell* claim.

In sum, Plaintiff's *Monell* allegations are boilerplate and conclusory. Plaintiff has merely "repeat[ed] all of the trigger words required of a *Monell* claim" without offering any "factual content to demonstrate a widespread practice" of deliberate indifference toward the misconduct complained of here—police officers' making arrests without probable cause. *Foy*, 2016 WL 2770880, at *9. Plaintiff has failed to allege any other instances of the police misconduct complained of and he has failed to sufficiently allege that the City's alleged failure to train and discipline officers was connected to his constitutional deprivation. Accordingly, the Court dismisses Plaintiff's *Monell* claim without prejudice.

## CONCLUSION

For the foregoing reasons, the Court grants the City's motion to dismiss Plaintiff's *Monell* claim (Count IV) without prejudice.

**Dated:** January 5, 2018

**ENTERED**

_____
**AMY J. ST. EVE**
**United States District Court Judge**