**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| GREGORIO CARMONA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 15-cv-462 |
| | ) | |
| CITY OF CHICAGO d/b/a CITY OF CHICAGO | ) | |
| POLICE DEPARTMENT, OFFICER KIMBERLY | ) | |
| ZALINSKI Star #5192, DETECTIVE FRANCIS | ) | |
| STAR #21040, DETECTIVE TRACY FANNING | ) | |
| STAR #20641, SARGENT K. REPPEN, | ) | |
| SARGENT DANIEL JACOBS STAR #1563, | ) | Jury Demand |
| DETECTIVE ZYGOWICZ, SARGENT CESAR | ) | |
| GUZMAN #1725, SARGENT JOSE GARCIA | ) | |
| STAR #2430, OFFICER FRED SCHALL STAR | ) | |
| #20888, OFFICER RONALD J. JONES STAR | ) | |
| #5939, OFFICER TOWES, OFFICER JOHN | ) | |
| ORTON STAR #20995, DETECTIVE DANTES | ) | |
| STAR #20304, AND UNKNOWN CHICAGO | ) | |
| POLICE DEPARTMENT OFFICERS, | ) | |
| | ) | |
| Defendants. | ) | |

**SECOND AMENDED COMPLAINT**[1]

NOW COMES Plaintiff, GREGORIO CARMONA, by and through his attorneys, Anthony J. Peraica & Associates, Ltd., and for his complaint at law states as follows:

**JURISDICTION AND VENUE**

1. This action is brought under 42 USC § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

2. This Court has jurisdiction pursuant to 28 U.S.C.§§1331 and 1343(a) and,

---

1 This Second Amended Complaint only alters the Amended Complaint as to the title of Count II, pursuant to Court order entered on October 7, 2019.

1

supplemental jurisdiction of pendent state claims pursuant to 28 USC § 1367.

3. Venue is proper under 28 U.S.C. §1391(b). The parties reside and all transactions and occurrences complained of occurred in the Northern District of Illinois.

## PARTIES

4. Plaintiff, Gregorio Carmona, was at all times relevant a resident and citizen of the City of Chicago, County of Cook, State of Illinois in the United States of America.

5. The Defendant City of Chicago is an Illinois municipal public entity duly organized and existing under the laws of the State of Illinois.

6. Defendant City of Chicago maintained, managed, and/or operated the City of Chicago Police Department.

7. At all times relevant hereto, Defendants Officer Kimberly Zalinski #5192, Detective N. Francis Star #21040, Detective Tracy Fanning Star #20641, Sargent K. Reppen, Sargent Daniel Jacobs Star #1563, Detective Zygowicz, Sargent Cesar Guzman #1725, Sargent Jose Garcia Star #2430, Officer Fred Schall Star #20888, Officer Ronald J. Jones Star #5939, Officer Towes, Officer John Orton Star #20995, Detective Dantes Star #20304, and unknown Chicago Police Department Officers (hereafter collectively referred to as "Defendant Officers") were employed by the City of Chicago Police Department as police officers.

8. Defendant Officers were acting under color of their authority as Chicago police officers and within the course and scope of their employment during the investigation, arrest and imprisonment of Plaintiff.

9. To the extent that there were other unnamed officers and/or supervisors of the

2

City of Chicago Police Department that were involved in the events giving rise to Plaintiff's claims, Plaintiff will seek leave to amend his complaint upon learning the identity of the unknown Defendants, so as to properly allege their names.

10. Defendant City of Chicago is the employer and principal of Defendant Officers, all of whom were acting under color of law at the time of Plaintiff's interrogation, investigation, arrest and incarceration.

11. At all times relevant to this Complaint, Defendant officers of the City of Chicago Police Department acted under color of the Illinois Compiled Statutes, and, the custom, policies and procedures of the City of Chicago, County of Cook, and the State of Illinois.

## FACTS

12. In the late evening hours on January 16, 2013, a fire occurred at the Plaintiff's residence.

13. In the late evening hours of January 16, 2013, Plaintiff and Claudia Martinez-Rayo were rushed Swedish Covenant Hospital for injuries sustained in the fire.

14. On January 17, 2013, Claudia Martinez-Rayo died from the injuries she sustained in the fire.

15. On January 17, 2013, at approximately 0240 hours, Defendants Fanning, Francis and Zalinski interrogated the Plaintiff in the hospital, as he was being treated for smoke inhalation.

16. Defendant Officers handcuffed the plaintiff to his hospital bed.

17. Defendant Officers did not advise the plaintiff that he was under arrest.

18. Defendants during the interrogation collective evidence from the plaintiff's person.

19. Defendants did not provide the plaintiff with his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966).

20. Defendants did not advise the plaintiff that he had a right to remain silent, that anything he might say or do could be used against him in court, that he had a right to consult with a lawyer and to have a lawyer present with him during interrogation, and that if he could not afford a lawyer, the State will provide him with one.

21. Defendants precluded the plaintiff from speaking to his family and friends.

22. Upon information and belief, the morning interrogation lasted a couple of hours.

23. Defendant officers returned later in the evening on January 17, 2013 and continued their interrogation of the Plaintiff at the hospital.

24. At the times of the interrogations, Plaintiff was detained, injured in the hospital, surrounded by multiple members of the Chicago Police Department and not free to leave.

25. The questions asked of the Plaintiff by the Defendants, were designed to elicit incriminating responses.

26. The tactics used by the Defendants on January 17, 2013 violated the Plaintiff's constitutional rights under the Fifth, Sixth, Fourteenth and Fourth Amendments to the United States Constitution.

27. On January 18, 2013, Plaintiff was arrested.

28. Prior to and after unlawfully arresting the Plaintiff, Defendants used a variety of coercive techniques to cause plaintiff to make incriminating responses.

29. On January 19, 2013, Detective Dantes, Star #20304, of the Chicago Police Department prepared and signed a complaint under oath for a search warrant.

30. Upon information and belief, Detective Dantes lacked probable cause for the search warrant.

31. Defendants used the search warrant to obtain entry and possession of the Plaintiff's vehicle.

32. Defendants detained and incarcerated the Plaintiff.

33. Plaintiff was not provided a bond for release.

34. Defendants caused Plaintiff to be arrested and charged criminally without just cause or provocation and in violation of Plaintiff's Constitutional rights and Illinois law.

35. As a direct and proximate result of the above acts, Plaintiff was deprived of his rights secured by the Fourth and Fourteenth Amendment when he was interrogated while under medical care, interrogated without Miranda rights, arrested, and Defendants are using unlawful evidence against the plaintiff.

36. As a result of the Defendants' conduct, Plaintiff suffered great mental anguish, humiliation, depression, degradation, physical and emotional pain and suffering, inconvenience, future pecuniary losses and other consequential damages.

## COUNT I
### (1983 unlawful arrest—All Defendants )

37. Plaintiff, Gregorio Carmona, incorporates and re-alleges paragraphs 1-36, as though set forth herein in their entirety.

38. The Defendant Officers' arrest of Plaintiff, while acting under color of law, were without probable cause in violation of Plaintiff's right to be free of unreasonable seizures under the Fourth Amendment of the United States Constitution.

39. The misconduct was objectively unreasonable and was undertaken intentionally

with willful indifference to Plaintiff's constitutional rights.

40. The arrest of the Plaintiff was without probable cause, without justification and unlawful.

41. As a proximate result of this violation, the Plaintiff suffered pain and injury, as well as, deprivation of liberty and severe emotional distress.

42. The misconduct described was undertaken pursuant to the policy and practice of Defendants and their agents in the manner described above.

43. By reason of the conduct of the Defendants, Plaintiff was deprived of rights, privileges and immunities secured to her by the Fourth and Fourteen Amendments to the Constitution of the United States and laws enacted thereunder. Therefore Defendants are liable to Plaintiff pursuant to 42 U.S.C. §1983.

**WHEREFORE**, Plaintiff, Gregorio Carmona demands substantial compensatory damages against the Defendants plus attorney fees and costs, liquidated damages as Defendants acted with malice and without probable cause, and any such other and additional relief as this Court deems just and equitable.

### COUNT II
### (42 .S.C § 1983 – 4th Amendment)

44. Plaintiff restates and re-alleges paragraphs 1 through 36 above as if fully set forth herein.

45. In committing the acts alleged in the preceding paragraphs, each of the Defendant Officers, while acting individually, jointly and in conspiracy, as well as under color of law and within the scope of their employment, caused Plaintiff to be deprived of his Fourth Amendment right, as provided for in the U.S. Constitution.

6

46. The misconduct described in this Count was objectively unreasonable, without probable cause and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

47. The misconduct described in this Count was undertaken pursuant to the policy and practice of the City of Chicago Police Department and Defendant City of Chicago.

48. As a result of this violation, the Plaintiff suffered pain and injury, as well as, deprivation of liberty and severe emotional distress.

WHEREFORE, Plaintiff demands substantial compensatory damages against Defendants, plus attorney's fees and costs, liquidated damages as Defendants acted with malice and without probable cause, and any such other and additional relief as this Court deems just and equitable.

## COUNT III
**(42 U.S.C § 1983 -- Conspiracy to Deprive Constitutional Rights)**

49. Plaintiff restates and re-alleges paragraphs 1 through 36 above as if fully set forth herein.

50. Upon information and belief, in committing the acts alleged in the preceding paragraphs, Defendant Officers reached an agreement to falsely arrest and frame Plaintiff for crimes he did not commit, and to thereby deprive Plaintiff of his constitutional rights, all as described more fully throughout this Complaint.

51. In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

52. The misconduct described in this Count was undertaken with malice, willfulness and reckless indifference to the rights of Plaintiff.

53. As a result of this conduct, Plaintiff suffered pain and injury, as well as, deprivation of

liberty and severe emotional distress.

WHEREFORE, Plaintiff demands substantial compensatory damages against Defendants, plus attorney's fees and costs, liquidated damages and any such other and additional relief as this Court deems just and equitable.

## COUNT IV
### (*Monell* Claim Against Defendant City of Chicago)

54. Plaintiff restates and re-alleges paragraphs 1 through 53 above as if fully set forth herein.

55. The constitutional violations set forth in Counts I through III were caused by the deliberate indifference of the City of Chicago ("City") such that the City itself is liable for the violations of Plaintiff's constitutional rights.

56. It is the culture, custom and/or widespread practice of the Chicago Police Department that it does not conduct investigations into all cases of officer misconduct that are brought to the attention of the department or the City of Chicago.

57. Only the most egregious violations subject City of Chicago Police Officers to discipline, despite the City of Chicago Police Department Rules of Conduct providing that any violation of a law or ordinance is subject to discipline.

58. The conduct of the Defendant Officers in violating Plaintiff's constitutional rights was undertaken pursuant to the policy and widespread practices of the City of Chicago Police Department in that:

   a. The Defendant officers violated the Rules of Conduct of the Chicago Police Department Rule 1: violation of any law or ordinance, through their failure to provide Miranda rights and violating Plaintiff's constitutional rights but, upon information and belief, the officers have not been disciplined;

8

b. The Defendant officers violated the Rules of Conduct of the Chicago Police Department Rule 5: Failure to perform any duty, by failing to properly investigate the scene alleged in this complaint, but, upon information and belief, none of the officers have been disciplined;

c. The Defendant officers violated the Rules of Conduct of the Chicago Police Department Rule 8: Disrespect to or maltreatment of any person, while on or off duty by handcuffing Plaintiff to a hospital bed and subjecting him to repeated questioning while receiving medical treatment, but, upon information and belief, none of the officers have been disciplined;

d. The Defendant officers violated the Rules of Conduct of the Chicago Police Department Rule 11: Incompetency of inefficiency in the performance of duty by failing to consider other leads or investigating the gang graffiti present on the scene after Claudia's death, but, upon information and belief, none of the officers have been disciplined;

e. The Defendant Officers violated the Rules of Conduct of the Chicago Police Department Rule14: making a false report, written or oral, but, upon information and belief, none of the officers have been disciplined;

f. The Defendant Officers violated the Rules of Conduct of the Chicago Police Department Rule 22: Failure to report to the Department any violation of Rules and Regulations or any other improper conduct which is contrary to the policy, orders or directives of the Department, but, upon information and belief, none of the officers have been disciplined;

g. The Defendant officers violated the Law Enforcement Code of Ethics—"As a law enforcement officer, my fundamental duty is to serve mankind . . . to protect the innocent against deception, the weak against oppression or intimidation . . .and to respect the Constitutional rights of all men to liberty, equality and justice." However, upon information and belief, none of the defendant officers have been disciplined;

h. As a matter of both policy and practice, the City of Chicago Police Department directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately discipline, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

i. As a matter of both policy and practice, the City facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading its officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff;

j. As a matter of both policy and practice, the City fails to enforce General Order G04-01 and related special orders on how preliminary investigations are to be conducted which lead to the wrongful arrest and criminal trial of the Plaintiff;

k. As a matter of policy and practice, the City fails to enforce General Order G04-02 and related special orders on how to process and protect a crime scene from contamination which lead to the wrongful arrest and criminal trial of the Plaintiff;

10

    l. As a matter of policy and practice, the City fails to enforce General Order G04-03 and related special order on how to conduct interrogations which lead to the wrongful arrest and criminal trial of the Plaintiff;

    m. As a matter of policy and practice, the City allows police officers to coach and/or intimidate witnesses leading to wrongful arrests and criminal trials, similar to what Plaintiff had to undergo;

    n. The City maintained broken and deficient systems for supervising and disciplining its officers;

    o. The City ignored the recognized and important need to track, discipline and control officers and therefore is ineffective at deterring misconduct or holding officers accountable when the officers violate the law or Chicago Police Department policy; and

    p. Other acts of negligence.

59. Defendant City maintained these policies and widespread practices in deliberate indifference to the foreseeable consequences including the violations of Plaintiff's rights.

60. Defendant City's deliberate indifference to these polices and widespread practices were the moving force behind the violation of Plaintiff's constitutional rights.

61. Plaintiff is not the only individual that was wrongfully charged with arson and/or murder by the Chicago Police Department that has been cleared of all charges. Arthur Brown, Adam Grey, Lathierial Boyd and others have been cleared of murder and/or arson charges asserted by the Chicago Police Department.

62. As a result of Defendant City's conduct in causing the constitutional violations, Plaintiff

11

suffered pain and injury, as well as, deprivation of liberty and severe emotional distress.

WHEREFORE, Plaintiff demands substantial compensatory damages against Defendant City of Chicago, plus attorney's fees and costs, and any such other and additional relief as this Court deems just and equitable.

## COUNT V
### (745 ILCS 10/9-101 – Indemnification)

63. Plaintiff restates and re-alleges paragraphs 1 through 59 above as if fully set forth herein.

64. Defendant City of Chicago is the employer of all Officer Defendants.

65. The Defendant Officers committed the acts alleged above under color of law and in the scope of their employment as employees of the City of Chicago.

WHEREFORE, Plaintiff demands that if any non-punitive damages, fees or costs are awarded against the Defendant Officers, then the City of Chicago should be liable to pay the award.

## COUNT VI
### (Malicious Prosecution)

66. Plaintiff restates and re-alleges paragraphs 1 through 62 above as if fully set forth herein.

67. Defendant Officers and Officers caused Plaintiff to be improperly subjected to judicial proceedings for which there was no probable cause.

68. These judicial proceedings were instituted and/or continued maliciously and without probable cause, resulting in injury.

69. The Defendant accused Plaintiff of criminal activity knowing those accusations to be without probable cause, and they made statements to prosecutors with the intent of exerting influence to institute and continue the judicial proceedings.

70. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff.

71. The Defendant Officers performed the actions complained of while on duty and in the employ of Defendant City, and while acting within the scope of this employment.

72. As a result of this misconduct, Plaintiff sustained and continues to sustain pain and injury, as well as, deprivation of liberty, damage to reputation, pain and suffering and emotional distress.

WHEREFORE, Plaintiff demands substantial compensatory damages and liquidated damages in an amount sufficient to deter similar misconduct, jointly and severally from the Defendants, plus costs, attorney's fees and whatever additional relief this Court deems just and equitable.

## COUNT VII
**(Intentional Infliction of Emotional Distress)**

73. Plaintiff restates and re-alleges paragraphs 1 through 69 above as if fully set forth herein.

74. The above-detailed conduct by the Defendant Officers was extreme and outrageous.

75. Defendant Officers and Officers performed the acts detailed above with the intent of inflicting severe emotional distress on Plaintiff with knowledge of the high probability that the conduct would cause such distress.

76. As a direct and proximate result of this conduct, Plaintiff did in fact suffer severe emotional distress.

WHEREFORE, Plaintiff demands substantial compensatory damages and liquidated damages in an amount sufficient to deter similar misconduct, jointly and severally from the

Defendants, plus costs, attorney's fees and whatever additional relief this Court deems just and equitable.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

                                                    Respectfully submitted,

                                                    <u>s/ Anthony J. Peraica</u>

Anthony J. Peraica, ARDC NO.: 6186661
Anthony J. Peraica & Associates, Ltd.
5130 S. Archer Avenue
Chicago, IL   60632
(773) 735-1700