**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| GREGORIO CARMONA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  15 cv 462 |
| | ) | |
| CITY OF CHICAGO d/b/a CITY OF CHICAGO | ) | |
| POLICE DEPARTMENT, OFFICER KIMBERLY | ) | |
| ZALINSKI Star #5192, DETECTIVE FRANCIS | ) | |
| STAR #21040, DETECTIVE TRACY FANNING | ) | |
| STAR #20641, SARGENT K. REPPEN, | ) | |
| SARGENT DANIEL JACOBS STAR #1563, | ) | Hon. Judge Feinerman |
| DETECTIVE ZYGOWICZ, SARGENT CESAR | ) | |
| GUZMAN #1725, SARGENT JOSE GARCIA | ) | |
| STAR #2430, OFFICER FRED SCHALL STAR | ) | |
| #20888, OFFICER RONALD J. JONES STAR | ) | |
| #5939, OFFICER TOWES, OFFICER JOHN | ) | |
| ORTON STAR #20995, DETECTIVE DANTES | ) | |
| STAR #20304, AND UNKNOWN CHICAGO | ) | |
| POLICE DEPARTMENT OFFICERS, | ) | |
| Defendants. | ) | |

## PLAINTIFF'S EXHIBIT LIST

Plaintiff, GREGORIO CARMONA, by and through his attorneys, Anthony J. Peraica &

Associates, Ltd., upon the Court's request of October 17, 2019, submit the following list of "Will

Use" and "May Use" trial exhibits with previously asserted objections and statements of

admissibility:

**I.    WILL USE**

34. General Progress Reports, January 16, 2013, FCRL 462-466, 577-581

**Defendants' Objection: Hearsay. Defendants object to the reports being
substantively admitted into evidence. No objection if used for impeachment or refreshing
recollection with the appropriate witness.**

**Plaintiff's Response: CPD Reports fall under exceptions to the rule against hearsay
as present sense impressions (Fed. R. Evid. 803(1)), recorded recollections (Fed. R. Evid.
803(5)), records of a regularly conducted activity (Fed. R. Evid. 803(6)), public records**

(Fed. R. Evid. 803(8)), and to the extent it contains statements by Defendants, are opposing party statements excluded from the hearsay rule (Fed. R. Evid. 801(d)(2).

35. CPD Original Case Incident Report (HW120241), January 17, 2013, FCRL 36-39

**Defendants' Objection: Hearsay. Defendants object to the reports being substantively admitted into evidence. No objection if used for impeachment or refreshing recollection with the appropriate witness.**

**Plaintiff's Response: CPD Reports fall under exceptions to the rule against hearsay as present sense impressions (Fed. R. Evid. 803(1)), recorded recollections (Fed. R. Evid. 803(5)), records of a regularly conducted activity (Fed. R. Evid. 803(6)), public records (Fed. R. Evid. 803(8)), and to the extent it contains statements by Defendants, are opposing party statements excluded from the hearsay rule (Fed. R. Evid. 801(d)(2).**

36. CPD Original Case Incident Report (HW120346), January 17, 2013, FCRL 43-47, 521-525, 603-607, 636-640, 666-670, 909-913, 949-953

**Defendants' Objection: Hearsay. Defendants object to the reports being substantively admitted into evidence. No objection if used for impeachment or refreshing recollection with the appropriate witness.**

**Plaintiff's Response: CPD Reports fall under exceptions to the rule against hearsay as present sense impressions (Fed. R. Evid. 803(1)), recorded recollections (Fed. R. Evid. 803(5)), records of a regularly conducted activity (Fed. R. Evid. 803(6)), public records (Fed. R. Evid. 803(8)), and to the extent it contains statements by Defendants, are opposing party statements excluded from the hearsay rule (Fed. R. Evid. 801(d)(2).**

37. CPD Original Case Incident Report (HW120346), January 17, 2013, FCRL 472-475, 535-538, 587-590, 650-653

**Defendants' Objection: Hearsay. Defendants object to the reports being substantively admitted into evidence. No objection if used for impeachment or refreshing recollection with the appropriate witness.**

**Plaintiff's Response: CPD Reports fall under exceptions to the rule against hearsay as present sense impressions (Fed. R. Evid. 803(1)), recorded recollections (Fed. R. Evid. 803(5)), records of a regularly conducted activity (Fed. R. Evid. 803(6)), public records (Fed. R. Evid. 803(8)), and to the extent it contains statements by Defendants, are opposing party statements excluded from the hearsay rule (Fed. R. Evid. 801(d)(2).**

38. CPD Case Supplementary Report, January 17, 2013, FCRL 40

**Defendants' Objection: Hearsay. Defendants object to the reports being substantively admitted into evidence. No objection if used for impeachment or refreshing recollection with the appropriate witness.**

**Plaintiff's Response: CPD Reports fall under exceptions to the rule against hearsay as present sense impressions (Fed. R. Evid. 803(1)), recorded recollections (Fed. R. Evid. 803(5)), records of a regularly conducted activity (Fed. R. Evid. 803(6)), public records (Fed. R. Evid. 803(8)), and to the extent it contains statements by Defendants, are opposing party statements excluded from the hearsay rule (Fed. R. Evid. 801(d)(2).**

39. CPD Case Supplementary Report, January 17, 2013, FCRL 41

**Defendants' Objection: Hearsay. Defendants object to the reports being substantively admitted into evidence. No objection if used for impeachment or refreshing recollection with the appropriate witness.**

**Plaintiff's Response: CPD Reports fall under exceptions to the rule against hearsay as present sense impressions (Fed. R. Evid. 803(1)), recorded recollections (Fed. R. Evid. 803(5)), records of a regularly conducted activity (Fed. R. Evid. 803(6)), public records (Fed. R. Evid. 803(8)), and to the extent it contains statements by Defendants, are opposing party statements excluded from the hearsay rule (Fed. R. Evid. 801(d)(2).**

40. CPD Case Supplementary Report, January 17, 2013, FCRL 467-468, 582-583

**Defendants' Objection: Hearsay. Defendants object to the reports being substantively admitted into evidence. No objection if used for impeachment or refreshing recollection with the appropriate witness.**

**Plaintiff's Response: CPD Reports fall under exceptions to the rule against hearsay as present sense impressions (Fed. R. Evid. 803(1)), recorded recollections (Fed. R. Evid. 803(5)), records of a regularly conducted activity (Fed. R. Evid. 803(6)), public records (Fed. R. Evid. 803(8)), and to the extent it contains statements by Defendants, are opposing party statements excluded from the hearsay rule (Fed. R. Evid. 801(d)(2).**

41. CPD Case Supplementary Report, January 17, 2013, FCRL 539, 654

**Defendants' Objection: Hearsay. Defendants object to the reports being substantively admitted into evidence. No objection if used for impeachment or refreshing recollection with the appropriate witness.**

**Plaintiff's Response: CPD Reports fall under exceptions to the rule against hearsay as present sense impressions (Fed. R. Evid. 803(1)), recorded recollections (Fed. R. Evid. 803(5)), records of a regularly conducted activity (Fed. R. Evid. 803(6)), public records**

(Fed. R. Evid. 803(8)), and to the extent it contains statements by Defendants, are opposing party statements excluded from the hearsay rule (Fed. R. Evid. 801(d)(2).

42. CPD Case Supplementary Report, January 17, 2013, FCRL 2726-2727

**Defendants' Objection: Hearsay. Defendants object to the reports being substantively admitted into evidence. No objection if used for impeachment or refreshing recollection with the appropriate witness.**

**Plaintiff's Response: CPD Reports fall under exceptions to the rule against hearsay as present sense impressions (Fed. R. Evid. 803(1)), recorded recollections (Fed. R. Evid. 803(5)), records of a regularly conducted activity (Fed. R. Evid. 803(6)), public records (Fed. R. Evid. 803(8)), and to the extent it contains statements by Defendants, are opposing party statements excluded from the hearsay rule (Fed. R. Evid. 801(d)(2).**

43. CPD Case Supplementary Report, January 18, 2013, FCRL 671-675, 914-918, 954-958

**Defendants' Objection: Hearsay. Defendants object to the reports being substantively admitted into evidence. No objection if used for impeachment or refreshing recollection with the appropriate witness.**

**Plaintiff's Response: CPD Reports fall under exceptions to the rule against hearsay as present sense impressions (Fed. R. Evid. 803(1)), recorded recollections (Fed. R. Evid. 803(5)), records of a regularly conducted activity (Fed. R. Evid. 803(6)), public records (Fed. R. Evid. 803(8)), and to the extent it contains statements by Defendants, are opposing party statements excluded from the hearsay rule (Fed. R. Evid. 801(d)(2).**

44. CPD General Progress Report, January 18, 2013, FCRL 387

**Defendants' Objection: Hearsay. Defendants object to the reports being substantively admitted into evidence. No objection if used for impeachment or refreshing recollection with the appropriate witness.**

**Plaintiff's Response: CPD Reports fall under exceptions to the rule against hearsay as present sense impressions (Fed. R. Evid. 803(1)), recorded recollections (Fed. R. Evid. 803(5)), records of a regularly conducted activity (Fed. R. Evid. 803(6)), public records (Fed. R. Evid. 803(8)), and to the extent it contains statements by Defendants, are opposing party statements excluded from the hearsay rule (Fed. R. Evid. 801(d)(2).**

45. CPD Arrest Report, January 18, 2013, FCRL 169-176, 595-600, 658-665

**Defendants' Objection: Hearsay. Defendants object to the reports being substantively admitted into evidence. No objection if used for impeachment or refreshing recollection with the appropriate witness.**

**Plaintiff's Response: CPD Reports fall under exceptions to the rule against hearsay as present sense impressions (Fed. R. Evid. 803(1)), recorded recollections (Fed. R. Evid. 803(5)), records of a regularly conducted activity (Fed. R. Evid. 803(6)), public records (Fed. R. Evid. 803(8)), and to the extent it contains statements by Defendants, are opposing party statements excluded from the hearsay rule (Fed. R. Evid. 801(d)(2).**

46. CPD Arrest Report, January 18, 2013, FCRL 480-487

**Defendants' Objection: Hearsay. Defendants object to the reports being substantively admitted into evidence. No objection if used for impeachment or refreshing recollection with the appropriate witness.**

**Plaintiff's Response: CPD Reports fall under exceptions to the rule against hearsay as present sense impressions (Fed. R. Evid. 803(1)), recorded recollections (Fed. R. Evid. 803(5)), records of a regularly conducted activity (Fed. R. Evid. 803(6)), public records (Fed. R. Evid. 803(8)), and to the extent it contains statements by Defendants, are opposing party statements excluded from the hearsay rule (Fed. R. Evid. 801(d)(2).**

47. CPD Arrest Report, January 18, 2013, FCRL 901-908

**Defendants' Objection: Hearsay. Defendants object to the reports being substantively admitted into evidence. No objection if used for impeachment or refreshing recollection with the appropriate witness.**

**Plaintiff's Response: CPD Reports fall under exceptions to the rule against hearsay as present sense impressions (Fed. R. Evid. 803(1)), recorded recollections (Fed. R. Evid. 803(5)), records of a regularly conducted activity (Fed. R. Evid. 803(6)), public records (Fed. R. Evid. 803(8)), and to the extent it contains statements by Defendants, are opposing party statements excluded from the hearsay rule (Fed. R. Evid. 801(d)(2).**

48. CPD General Progress Report, January 18, 2013, FCRL 188

**Defendants' Objection: Hearsay. Defendants object to the reports being substantively admitted into evidence. No objection if used for impeachment or refreshing recollection with the appropriate witness.**

**Plaintiff's Response: CPD Reports fall under exceptions to the rule against hearsay as present sense impressions (Fed. R. Evid. 803(1)), recorded recollections (Fed. R. Evid. 803(5)), records of a regularly conducted activity (Fed. R. Evid. 803(6)), public records (Fed. R. Evid. 803(8)), and to the extent it contains statements by Defendants, are opposing party statements excluded from the hearsay rule (Fed. R. Evid. 801(d)(2).**

49. CPD General Progress Report, January 19, 2013, FCRL 534, 649

**Defendants' Objection: Hearsay. Defendants object to the reports being substantively admitted into evidence. No objection if used for impeachment or refreshing recollection with the appropriate witness.**

**Plaintiff's Response: CPD Reports fall under exceptions to the rule against hearsay as present sense impressions (Fed. R. Evid. 803(1)), recorded recollections (Fed. R. Evid. 803(5)), records of a regularly conducted activity (Fed. R. Evid. 803(6)), public records (Fed. R. Evid. 803(8)), and to the extent it contains statements by Defendants, are opposing party statements excluded from the hearsay rule (Fed. R. Evid. 801(d)(2).**

51. Forensic Interview Sign-in Sheet, January 18, 2013, FCRL 201

52. Complaint for Search Warrant, January 19, 2013, FCRL 362-363, 526-527, 641-642

**Defendants' Objection: Hearsay. Defendants object to the reports being substantively admitted into evidence. No objection if used for impeachment or refreshing recollection with the appropriate witness.**

**Plaintiff's Response: The Complaint for Search Warrant falls under exceptions to the rule against hearsay as present sense impressions (Fed. R. Evid. 803(1)), recorded recollections (Fed. R. Evid. 803(5)), records of a regularly conducted activity (Fed. R. Evid. 803(6)), public records (Fed. R. Evid. 803(8)), and to the extent it contains statements by Defendants, are opposing party statements excluded from the hearsay rule (Fed. R. Evid. 801(d)(2).**

53. Major Incident Report Notification Detail, January 20, 2013, FCRL 3821-3823

**Defendants' Objection: Hearsay. Defendants object to the reports being substantively admitted into evidence. No objection if used for impeachment or refreshing recollection with the appropriate witness.**

**Plaintiff's Response: CPD Reports fall under exceptions to the rule against hearsay as present sense impressions (Fed. R. Evid. 803(1)), recorded recollections (Fed. R. Evid. 803(5)), records of a regularly conducted activity (Fed. R. Evid. 803(6)), public records (Fed. R. Evid. 803(8)), and to the extent it contains statements by Defendants, are opposing party statements excluded from the hearsay rule (Fed. R. Evid. 801(d)(2).**

55. General Progress Reports, January 18-20, 2013, FCRL 365-414

**Defendants' Objection: Hearsay. Defendants object to the reports being substantively admitted into evidence. No objection if used for impeachment or refreshing recollection with the appropriate witness.**

**Plaintiff's Response: CPD Reports fall under exceptions to the rule against hearsay as present sense impressions (Fed. R. Evid. 803(1)), recorded recollections (Fed. R. Evid.**

803(5)), records of a regularly conducted activity (Fed. R. Evid. 803(6)), public records (Fed. R. Evid. 803(8)), and to the extent it contains statements by Defendants, are opposing party statements excluded from the hearsay rule (Fed. R. Evid. 801(d)(2).

57. CPD Case Supplementary Report, January 20, 2013, FCRL 129-132

     **Defendants' Objection: Hearsay. Defendants object to the reports being substantively admitted into evidence. No objection if used for impeachment or refreshing recollection with the appropriate witness.**

     **Plaintiff's Response: CPD Reports fall under exceptions to the rule against hearsay as present sense impressions (Fed. R. Evid. 803(1)), recorded recollections (Fed. R. Evid. 803(5)), records of a regularly conducted activity (Fed. R. Evid. 803(6)), public records (Fed. R. Evid. 803(8)), and to the extent it contains statements by Defendants, are opposing party statements excluded from the hearsay rule (Fed. R. Evid. 801(d)(2).**

58. CPD Case Supplementary Report, January 30, 2013, FCRL 122-127, 448-453, 515-520, 563-568, 630-635, 695-700, 938-943, 959-964

     **Defendants' Objection: Hearsay. Defendants object to the reports being substantively admitted into evidence. No objection if used for impeachment or refreshing recollection with the appropriate witness.**

     **Plaintiff's Response: CPD Reports fall under exceptions to the rule against hearsay as present sense impressions (Fed. R. Evid. 803(1)), recorded recollections (Fed. R. Evid. 803(5)), records of a regularly conducted activity (Fed. R. Evid. 803(6)), public records (Fed. R. Evid. 803(8)), and to the extent it contains statements by Defendants, are opposing party statements excluded from the hearsay rule (Fed. R. Evid. 801(d)(2).**

59. CPD Case Supplementary Report, February 16, 2013, FCRL 48-61

     **Defendants' Objection: Hearsay. Defendants object to the reports being substantively admitted into evidence. No objection if used for impeachment or refreshing recollection with the appropriate witness**.

     **Plaintiff's Response: CPD Reports fall under exceptions to the rule against hearsay as present sense impressions (Fed. R. Evid. 803(1)), recorded recollections (Fed. R. Evid. 803(5)), records of a regularly conducted activity (Fed. R. Evid. 803(6)), public records (Fed. R. Evid. 803(8)), and to the extent it contains statements by Defendants, are opposing party statements excluded from the hearsay rule (Fed. R. Evid. 801(d)(2).**

60. CPD Case Supplementary Report, February 16, 2013, FCRL 70-75

**Defendants' Objection: Hearsay.** Defendants object to the reports being substantively admitted into evidence. No objection if used for impeachment or refreshing recollection with the appropriate witness.

**Plaintiff's Response: CPD Reports fall under exceptions to the rule against hearsay as present sense impressions (Fed. R. Evid. 803(1)), recorded recollections (Fed. R. Evid. 803(5)), records of a regularly conducted activity (Fed. R. Evid. 803(6)), public records (Fed. R. Evid. 803(8)), and to the extent it contains statements by Defendants, are opposing party statements excluded from the hearsay rule (Fed. R. Evid. 801(d)(2).**

61. CPD Case Supplementary Report, March 25, 2013, FCRL 76-81

**Defendants' Objection: Hearsay.** Defendants object to the reports being substantively admitted into evidence. No objection if used for impeachment or refreshing recollection with the appropriate witness.

**Plaintiff's Response: CPD Reports fall under exceptions to the rule against hearsay as present sense impressions (Fed. R. Evid. 803(1)), recorded recollections (Fed. R. Evid. 803(5)), records of a regularly conducted activity (Fed. R. Evid. 803(6)), public records (Fed. R. Evid. 803(8)), and to the extent it contains statements by Defendants, are opposing party statements excluded from the hearsay rule (Fed. R. Evid. 801(d)(2).**

62. CPD Case Supplementary Report, May 16, 2013, FCRL 62-69

**Defendants' Objection: Hearsay.** Defendants object to the reports being substantively admitted into evidence. No objection if used for impeachment or refreshing recollection with the appropriate witness.

**Plaintiff's Response: CPD Reports fall under exceptions to the rule against hearsay as present sense impressions (Fed. R. Evid. 803(1)), recorded recollections (Fed. R. Evid. 803(5)), records of a regularly conducted activity (Fed. R. Evid. 803(6)), public records (Fed. R. Evid. 803(8)), and to the extent it contains statements by Defendants, are opposing party statements excluded from the hearsay rule (Fed. R. Evid. 801(d)(2).**

63. CPD Case Supplementary Report, May 25, 2013, FCRL 82-96

**Defendants' Objection: Hearsay.** Defendants object to the reports being substantively admitted into evidence. No objection if used for impeachment or refreshing recollection with the appropriate witness.

**Plaintiff's Response: CPD Reports fall under exceptions to the rule against hearsay as present sense impressions (Fed. R. Evid. 803(1)), recorded recollections (Fed. R. Evid. 803(5)), records of a regularly conducted activity (Fed. R. Evid. 803(6)), public records**

**(Fed. R. Evid. 803(8)), and to the extent it contains statements by Defendants, are opposing party statements excluded from the hearsay rule (Fed. R. Evid. 801(d)(2).**

64. CPD Case Supplementary Report, June 5, 2013, FCRL 434-438, 549-553, 676-680, 919-923, 965-969

   **Defendants' Objection: Hearsay. Defendants object to the reports being substantively admitted into evidence. No objection if used for impeachment or refreshing recollection with the appropriate witness.**

   **Plaintiff's Response: CPD Reports fall under exceptions to the rule against hearsay as present sense impressions (Fed. R. Evid. 803(1)), recorded recollections (Fed. R. Evid. 803(5)), records of a regularly conducted activity (Fed. R. Evid. 803(6)), public records (Fed. R. Evid. 803(8)), and to the extent it contains statements by Defendants, are opposing party statements excluded from the hearsay rule (Fed. R. Evid. 801(d)(2).**

65. CPD Case Supplementary Report, June 5, 2013, FCRL 499-503, 614-618

   **Defendants' Objection: Hearsay. Defendants object to the reports being substantively admitted into evidence. No objection if used for impeachment or refreshing recollection with the appropriate witness.**

   **Plaintiff's Response: CPD Reports fall under exceptions to the rule against hearsay as present sense impressions (Fed. R. Evid. 803(1)), recorded recollections (Fed. R. Evid. 803(5)), records of a regularly conducted activity (Fed. R. Evid. 803(6)), public records (Fed. R. Evid. 803(8)), and to the extent it contains statements by Defendants, are opposing party statements excluded from the hearsay rule (Fed. R. Evid. 801(d)(2).**

66. CPD Case Supplementary Report, June 5, 2013, FCRL 439-447, 504-512, 554-562, 619-627, 681-689, 924-932, 970-978

   **Defendants' Objection: Hearsay. Defendants object to the reports being substantively admitted into evidence. No objection if used for impeachment or refreshing recollection with the appropriate witness.**

   **Plaintiff's Response: CPD Reports fall under exceptions to the rule against hearsay as present sense impressions (Fed. R. Evid. 803(1)), recorded recollections (Fed. R. Evid. 803(5)), records of a regularly conducted activity (Fed. R. Evid. 803(6)), public records (Fed. R. Evid. 803(8)), and to the extent it contains statements by Defendants, are opposing party statements excluded from the hearsay rule (Fed. R. Evid. 801(d)(2).**

67. CPD Case Supplementary Report, July 10, 2013, FCRL 429-433, 544-548

**Defendants' Objection: Hearsay.** Defendants object to the reports being substantively admitted into evidence. No objection if used for impeachment or refreshing recollection with the appropriate witness.

**Plaintiff's Response: CPD Reports fall under exceptions to the rule against hearsay as present sense impressions (Fed. R. Evid. 803(1)), recorded recollections (Fed. R. Evid. 803(5)), records of a regularly conducted activity (Fed. R. Evid. 803(6)), public records (Fed. R. Evid. 803(8)), and to the extent it contains statements by Defendants, are opposing party statements excluded from the hearsay rule (Fed. R. Evid. 801(d)(2).**

68. CPD Case Supplementary Report, July 10, 2013, FCRL 690-694, 933-937, 979-983

**Defendants' Objection: Hearsay.** Defendants object to the reports being substantively admitted into evidence. No objection if used for impeachment or refreshing recollection with the appropriate witness.

**Plaintiff's Response: CPD Reports fall under exceptions to the rule against hearsay as present sense impressions (Fed. R. Evid. 803(1)), recorded recollections (Fed. R. Evid. 803(5)), records of a regularly conducted activity (Fed. R. Evid. 803(6)), public records (Fed. R. Evid. 803(8)), and to the extent it contains statements by Defendants, are opposing party statements excluded from the hearsay rule (Fed. R. Evid. 801(d)(2).**

69. CPD Case Supplementary Report, July 23, 2013, FCRL 97-101

**Defendants' Objection: Hearsay.** Defendants object to the reports being substantively admitted into evidence. No objection if used for impeachment or refreshing recollection with the appropriate witness.

**Plaintiff's Response: CPD Reports fall under exceptions to the rule against hearsay as present sense impressions (Fed. R. Evid. 803(1)), recorded recollections (Fed. R. Evid. 803(5)), records of a regularly conducted activity (Fed. R. Evid. 803(6)), public records (Fed. R. Evid. 803(8)), and to the extent it contains statements by Defendants, are opposing party statements excluded from the hearsay rule (Fed. R. Evid. 801(d)(2).**

70. CPD Case Supplementary Report, July 24, 2013, FCRL 102-115

**Defendants' Objection: Hearsay.** Defendants object to the reports being substantively admitted into evidence. No objection if used for impeachment or refreshing recollection with the appropriate witness.

**Plaintiff's Response: CPD Reports fall under exceptions to the rule against hearsay as present sense impressions (Fed. R. Evid. 803(1)), recorded recollections (Fed. R. Evid. 803(5)), records of a regularly conducted activity (Fed. R. Evid. 803(6)), public records**

(Fed. R. Evid. 803(8)), and to the extent it contains statements by Defendants, are opposing party statements excluded from the hearsay rule (Fed. R. Evid. 801(d)(2)).

71. CPD Case Supplementary Report, July 26, 2013, FCRL 116-120

**Defendants' Objection: Hearsay. Defendants object to the reports being substantively admitted into evidence. No objection if used for impeachment or refreshing recollection with the appropriate witness.**

**Plaintiff's Response: CPD Reports fall under exceptions to the rule against hearsay as present sense impressions (Fed. R. Evid. 803(1)), recorded recollections (Fed. R. Evid. 803(5)), records of a regularly conducted activity (Fed. R. Evid. 803(6)), public records (Fed. R. Evid. 803(8)), and to the extent it contains statements by Defendants, are opposing party statements excluded from the hearsay rule (Fed. R. Evid. 801(d)(2)).**

72. CPD Case Supplementary Report, October 10, 2013, FCRL 493-497, 608-612, 701-705, 944-948, 984-988

**Defendants' Objection: Hearsay. Defendants object to the reports being substantively admitted into evidence. No objection if used for impeachment or refreshing recollection with the appropriate witness.**

**Plaintiff's Response: CPD Reports fall under exceptions to the rule against hearsay as present sense impressions (Fed. R. Evid. 803(1)), recorded recollections (Fed. R. Evid. 803(5)), records of a regularly conducted activity (Fed. R. Evid. 803(6)), public records (Fed. R. Evid. 803(8)), and to the extent it contains statements by Defendants, are opposing party statements excluded from the hearsay rule (Fed. R. Evid. 801(d)(2)).**

73. CPD Case Supplementary Report, April 25, 2015, FCRL 989-993

**Defendants' Objection: Hearsay. Defendants object to the reports being substantively admitted into evidence. No objection if used for impeachment or refreshing recollection with the appropriate witness.**

**Plaintiff's Response: CPD Reports fall under exceptions to the rule against hearsay as present sense impressions (Fed. R. Evid. 803(1)), recorded recollections (Fed. R. Evid. 803(5)), records of a regularly conducted activity (Fed. R. Evid. 803(6)), public records (Fed. R. Evid. 803(8)), and to the extent it contains statements by Defendants, are opposing party statements excluded from the hearsay rule (Fed. R. Evid. 801(d)(2)).**

75. CPD Crime Scene Processing Report, January 18, 2013, FCRL 476-477, 591-592, 710-711, 1065-1066,

**Defendants' Objection: Hearsay.** Defendants object to the reports being substantively admitted into evidence. No objection if used for impeachment or refreshing recollection with the appropriate witness.

**Plaintiff's Response:** CPD Reports fall under exceptions to the rule against hearsay as present sense impressions (Fed. R. Evid. 803(1)), recorded recollections (Fed. R. Evid. 803(5)), records of a regularly conducted activity (Fed. R. Evid. 803(6)), public records (Fed. R. Evid. 803(8)), and to the extent it contains statements by Defendants, are opposing party statements excluded from the hearsay rule (Fed. R. Evid. 801(d)(2).

76. CPD Crime Scene Processing Report, January 19, 2013, FCRL 532-533, 647-648, 708-709, 1063-1064, 1069-1070

**Defendants' Objection: Hearsay.** Defendants object to the reports being substantively admitted into evidence. No objection if used for impeachment or refreshing recollection with the appropriate witness.

**Plaintiff's Response:** CPD Reports fall under exceptions to the rule against hearsay as present sense impressions (Fed. R. Evid. 803(1)), recorded recollections (Fed. R. Evid. 803(5)), records of a regularly conducted activity (Fed. R. Evid. 803(6)), public records (Fed. R. Evid. 803(8)), and to the extent it contains statements by Defendants, are opposing party statements excluded from the hearsay rule (Fed. R. Evid. 801(d)(2).

78. Illinois State Police Laboratory Report, January 17, 2013, FCRL 162-163, 454-455, 569-570, 1111-1112

**Defendants' Objection: Hearsay.** Defendants object to the reports being substantively admitted into evidence. No objection if used for impeachment or refreshing recollection with the appropriate witness.

**Plaintiff's Response:** CPD Reports fall under exceptions to the rule against hearsay as present sense impressions (Fed. R. Evid. 803(1)), recorded recollections (Fed. R. Evid. 803(5)), records of a regularly conducted activity (Fed. R. Evid. 803(6)), public records (Fed. R. Evid. 803(8)), and to the extent it contains statements by Defendants, are opposing party statements excluded from the hearsay rule (Fed. R. Evid. 801(d)(2).

82. Diagrams of basement apartment (undated), FCRL 143-144, 469, 584

**Defendants' Objection: Hearsay, foundation.** Defendants object to the reports being substantively admitted into evidence. No objection if used for impeachment or refreshing recollection with the appropriate witness or if proper foundation is laid through the appropriate witness to admit the drawings.

**Plaintiff's Response:** CPD Reports fall under exceptions to the rule against hearsay as present sense impressions (Fed. R. Evid. 803(1)), recorded recollections (Fed. R. Evid.

803(5)), records of a regularly conducted activity (Fed. R. Evid. 803(6)), public records (Fed. R. Evid. 803(8)), and to the extent it contains statements by Defendants, are opposing party statements excluded from the hearsay rule (Fed. R. Evid. 801(d)(2). Furthermore, witnesses who observed the scene of the fire can testify with knowledge as to the diagram's accuracy.

84. Photographs, Carmona, January 17, 2013, FCRL 1206-1210

89. CPD Directives, FCRL 2281-2725 (**2288-2290 & 2313-2321 ONLY**)

**Defendants' Objection: Defendants have a standing Motion *in Limine* regarding directives. See Defendants' Motion *in Limine* No. 3, 24. However, if such motions should be denied, Defendants object to directives being admitted substantively into evidence, as they are not relevant. Defendants would have no objection if used for impeachment or refreshing recollection with the appropriate witness.**

**Plaintiff's Response: This document is relevant to defending any assertion of qualified or absolute immunity by Defendants as it goes to their knowledge that their conduct violated Plaintiff's constitutional rights. Furthermore, Defendants' Response to Plaintiff's Motion in Limine No. 3 admits that the Defendants' training and experience are relevant in this case. The witnesses disclosed by Plaintiff can testify as to their familiarity with the document to establish foundation. See also Plaintiff's Response to Defendants' Motions in Limine Nos. 3 and 24.**

90. Employee Training Records, CLEAR, FCRL 1237-1367, 2747-2758 (**1251-1292, 1327-1344, and 2747-2758 ONLY**)

**Defendants' Objection: Defendants object to training records being substantively admitted into evidence, as they contain information irrelevant to this lawsuit and are hearsay. No objection if used for refreshing recollection or impeachment only.**

**Plaintiff's Response: This document is relevant to defending any assertion of qualified or absolute immunity by Defendants as it goes to their knowledge that their conduct violated Plaintiff's constitutional rights. Furthermore, Defendants' Response to Plaintiff's Motion in Limine No. 3 admits that the Defendants' training and experience are relevant in this case. The witnesses disclosed by Plaintiff can testify as to their familiarity with the document to establish foundation.**

91. Employee Training Records, E-Learning, FCRL 1237-1367 (**INCORRECT BATES NOS., SHOULD BE 1369-1437. USING 1378-1410 AND 1440-1450 ONLY**)

**Defendants' Objection: Defendants object to training records being substantively admitted into evidence, as they contain information irrelevant to this lawsuit and are hearsay. No objection if used for refreshing recollection or impeachment only.**

**Plaintiff's Response: This document is relevant to defending any assertion of qualified or absolute immunity by Defendants as it goes to their knowledge that their conduct violated Plaintiff's constitutional rights. Furthermore, Defendants' Response to Plaintiff's Motion in Limine No. 3 admits that the Defendants' training and experience are relevant in this case. The witnesses disclosed by Plaintiff can testify as to their familiarity with the document to establish foundation.**

92. Employee Complaint History, FCRL 1006-1019, 1462-1482 (**1007-09, 1012, 1015, 1017-19, 1464, 1466-71, AND 1478 ONLY**)

**Defendants' Objection: Hearsay, improper character evidence, relevance. Defendants' have a standing Motion in Limine regarding the Defendants' and other officers' complaint history.** *See* **Defendants Motion** *in Limine* **No. 6.**

**Plaintiff's Response: This document is relevant to defending any assertion of qualified or absolute immunity by Defendants as it goes to their knowledge that their conduct violated Plaintiff's constitutional rights. Furthermore, Defendants' Response to Plaintiff's Motion in Limine No. 3 admits that the Defendants' training and experience are relevant in this case. See also Plaintiff's Response to Defendants' Motion in Limine No. 6**


## II.    MAY USE

1. City's Responses to Plaintiff's First Set of Interrogatories

**Defendants' Objection: Defendants object to the interrogatories being substantively admitted into evidence, as the interrogatories contain objections not yet ruled upon and potentially inadmissible evidence under Fed. R. Evid. 401, 403, 404. The City is not a party to this litigation except for indemnification, and no witness has been identified at trial for the foundation of this exhibit.**

**Plaintiff's Response: The witnesses with knowledge of the matters addressed in the City's answers to interrogatories may testify as to those matters. This evidence is admissible for impeachment purposes under Fed. R. Evid. 607 and for refreshing recollection under Fed. R. Evid. 612.**

2. Fanning's Responses to Plaintiff's First Set of Interrogatories

**Defendants' Objection: Defendants object to the interrogatories being substantively admitted into evidence, as the interrogatories contain objections not yet ruled upon and potentially inadmissible evidence under Fed. R. Evid. 401, 403, 404. Defendants have no objection if used for impeachment or refreshing recollection with the appropriate witness.**

**Plaintiff's response: Plaintiff only intends to use this exhibit for purposes of refreshing recollection under Fed. R. Evid. 612 or impeachment under Fed. R. Evid. 607.**

3. Reppen's Responses to Plaintiff's First Set of Interrogatories

**Defendants' Objection: Defendants object to the interrogatories being substantively admitted into evidence, as the interrogatories contain objections not yet ruled upon and potentially inadmissible evidence under Fed. R. Evid. 401, 403, 404. Defendants have no objection if used for impeachment or refreshing recollection with the appropriate witness.**

**Plaintiff's response: Plaintiff only intends to use this exhibit for purposes of refreshing recollection under Fed. R. Evid. 612 or impeachment under Fed. R. Evid. 607.**

4. Jacobs's Responses to Plaintiff's First Set of Interrogatories

**Defendants' Objection: Defendants object to the interrogatories being substantively admitted into evidence, as the interrogatories contain objections not yet ruled upon and potentially inadmissible evidence under Fed. R. Evid. 401, 403, 404. Defendants have no objection if used for impeachment or refreshing recollection with the appropriate witness.**

**Plaintiff's response: Plaintiff only intends to use this exhibit for purposes of refreshing recollection under Fed. R. Evid. 612 or impeachment under Fed. R. Evid. 607.**

5. Zygowicz's Responses to Plaintiff's First Set of Interrogatories **(WITHDRAWN)**

**Defendants' Objection: Defendants object to the interrogatories being substantively admitted into evidence, as the interrogatories contain objections not yet ruled upon and potentially inadmissible evidence under Fed. R. Evid. 401, 403, 404. Defendants have no objection if used for impeachment or refreshing recollection with the appropriate witness.**

**Plaintiff's response: Plaintiff only intends to use this exhibit for purposes of refreshing recollection under Fed. R. Evid. 612 or impeachment under Fed. R. Evid. 607.**

6. Guzman's Responses to Plaintiff's First Set of Interrogatories

**Defendants' Objection: Defendants object to the interrogatories being substantively admitted into evidence, as the interrogatories contain objections not yet ruled upon and potentially inadmissible evidence under Fed. R. Evid. 401, 403, 404. Defendants have no objection if used for impeachment or refreshing recollection with the appropriate witness.**

**Plaintiff's response: Plaintiff only intends to use this exhibit for purposes of refreshing recollection under Fed. R. Evid. 612 or impeachment under Fed. R. Evid. 607.**

7. Garcia's Responses to Plaintiff's First Set of Interrogatories

**Defendants' Objection: Defendants object to the interrogatories being substantively admitted into evidence, as the interrogatories contain objections not yet ruled upon and**

**potentially inadmissible evidence under Fed. R. Evid. 401, 403, 404. Defendants have no objection if used for impeachment or refreshing recollection with the appropriate witness.**

**Plaintiff's response: Plaintiff only intends to use this exhibit for purposes of refreshing recollection under Fed. R. Evid. 612 or impeachment under Fed. R. Evid. 607.**

8. Schall's Responses to Plaintiff's First Set of Interrogatories

**Defendants' Objection: Defendants object to the interrogatories being substantively admitted into evidence, as the interrogatories contain objections not yet ruled upon and potentially inadmissible evidence under Fed. R. Evid. 401, 403, 404. Defendants have no objection if used for impeachment or refreshing recollection with the appropriate witness.**

**Plaintiff's response: Plaintiff only intends to use this exhibit for purposes of refreshing recollection under Fed. R. Evid. 612 or impeachment under Fed. R. Evid. 607.**

9. Jones's Responses to Plaintiff's First Set of Interrogatories

**Defendants' Objection: Defendants object to the interrogatories being substantively admitted into evidence, as the interrogatories contain objections not yet ruled upon and potentially inadmissible evidence under Fed. R. Evid. 401, 403, 404. Defendants have no objection if used for impeachment or refreshing recollection with the appropriate witness.**

**Plaintiff's response: Plaintiff only intends to use this exhibit for purposes of refreshing recollection under Fed. R. Evid. 612 or impeachment under Fed. R. Evid. 607.**

10. Orton's Responses to Plaintiff's First Set of Interrogatories (**WITHDRAWN**)

**Defendants' Objection: Defendants object to the interrogatories being substantively admitted into evidence, as the interrogatories contain objections not yet ruled upon and potentially inadmissible evidence under Fed. R. Evid. 401, 403, 404. Defendants have no objection if used for impeachment or refreshing recollection with the appropriate witness.**

**Plaintiff's response: Plaintiff only intends to use this exhibit for purposes of refreshing recollection under Fed. R. Evid. 612 or impeachment under Fed. R. Evid. 607.**

11. Dantes's Responses to Plaintiff's First Set of Interrogatories (**WITHDRAWN**)

**Defendants' Objection: Defendants object to the interrogatories being substantively admitted into evidence, as the interrogatories contain objections not yet ruled upon and potentially inadmissible evidence under Fed. R. Evid. 401, 403, 404. Defendants have no objection if used for impeachment or refreshing recollection with the appropriate witness.**

**Plaintiff's response: Plaintiff only intends to use this exhibit for purposes of refreshing recollection under Fed. R. Evid. 612 or impeachment under Fed. R. Evid. 607.**

12. Plaintiff Gregorio Carmona Deposition, June 25, 2018

**Defendants' Objection: Defendants object to the transcript being substantively admitted into evidence, as it contains objections not yet ruled upon and potentially inadmissible evidence under Fed. R. Evid. 401, 403. Defendants have no objection if used for impeachment or refreshing recollection with the appropriate witness.**

**Plaintiff's response: Plaintiff only intends to use this exhibit for purposes of refreshing recollection under Fed. R. Evid. 612 or impeachment under Fed. R. Evid. 607, or as substantive testimony in the event the witness becomes unavailable for trial under Fed. R. Evid. 804(b)(1).**

13. Raymundo Carmona Deposition, June 29, 2018

**Defendants' Objection: Defendants object to the transcript being substantively admitted into evidence, as it contains objections not yet ruled upon and potentially inadmissible evidence under Fed. R. Evid. 401, 403. Defendants have no objection if used for impeachment or refreshing recollection with the appropriate witness.**

**Plaintiff's response: Plaintiff only intends to use this exhibit for purposes of refreshing recollection under Fed. R. Evid. 612 or impeachment under Fed. R. Evid. 607, or as substantive testimony in the event the witness becomes unavailable for trial under Fed. R. Evid. 804(b)(1).**

14. Elena Perez Deposition, July 6, 2018

**Defendants' Objection: Defendants object to the transcript being substantively admitted into evidence, as it contains objections not yet ruled upon and potentially inadmissible evidence under Fed. R. Evid. 401, 403. Defendants have no objection if used for impeachment or refreshing recollection with the appropriate witness.**

**Plaintiff's response: Plaintiff only intends to use this exhibit for purposes of refreshing recollection under Fed. R. Evid. 612 or impeachment under Fed. R. Evid. 607, or as substantive testimony in the event the witness becomes unavailable for trial under Fed. R. Evid. 804(b)(1).**

15. Fred Schall Deposition, August 22, 2018

**Defendants' Objection: Defendants object to the transcript being substantively admitted into evidence, as it contains objections not yet ruled upon and potentially inadmissible evidence under Fed. R. Evid. 401, 403. Defendants have no objection if used for impeachment or refreshing recollection with the appropriate witness.**

**Plaintiff's response: Plaintiff only intends to use this exhibit for purposes of refreshing recollection under Fed. R. Evid. 612 or impeachment under Fed. R. Evid. 607,**

or as substantive testimony in the event the witness becomes unavailable for trial under Fed. R. Evid. 804(b)(1).

16. Tracy Fanning Deposition, August 8, 2018

**Defendants' Objection: Defendants object to the transcript being substantively admitted into evidence, as it contains objections not yet ruled upon and potentially inadmissible evidence under Fed. R. Evid. 401, 403. Defendants have no objection if used for impeachment or refreshing recollection with the appropriate witness.**

**Plaintiff's response: Plaintiff only intends to use this exhibit for purposes of refreshing recollection under Fed. R. Evid. 612 or impeachment under Fed. R. Evid. 607, or as substantive testimony in the event the witness becomes unavailable for trial under Fed. R. Evid. 804(b)(1).**

17. Jose Garcia Deposition, October 10, 2018

**Defendants' Objection: Defendants object to the transcript being substantively admitted into evidence, as it contains objections not yet ruled upon and potentially inadmissible evidence under Fed. R. Evid. 401, 403. Defendants have no objection if used for impeachment or refreshing recollection with the appropriate witness.**

**Plaintiff's response: Plaintiff only intends to use this exhibit for purposes of refreshing recollection under Fed. R. Evid. 612 or impeachment under Fed. R. Evid. 607, or as substantive testimony in the event the witness becomes unavailable for trial under Fed. R. Evid. 804(b)(1).**

18. Cesar Guzman Deposition, August 2, 2018

**Defendants' Objection: Defendants object to the transcript being substantively admitted into evidence, as it contains objections not yet ruled upon and potentially inadmissible evidence under Fed. R. Evid. 401, 403. Defendants have no objection if used for impeachment or refreshing recollection with the appropriate witness.**

**Plaintiff's response: Plaintiff only intends to use this exhibit for purposes of refreshing recollection under Fed. R. Evid. 612 or impeachment under Fed. R. Evid. 607, or as substantive testimony in the event the witness becomes unavailable for trial under Fed. R. Evid. 804(b)(1).**

19. Daniel Jacobs Deposition, August 17, 2018

**Defendants' Objection: Defendants object to the transcript being substantively admitted into evidence, as it contains objections not yet ruled upon and potentially inadmissible evidence under Fed. R. Evid. 401, 403. Defendants have no objection if used for impeachment or refreshing recollection with the appropriate witness.**

**Plaintiff's response: Plaintiff only intends to use this exhibit for purposes of refreshing recollection under Fed. R. Evid. 612 or impeachment under Fed. R. Evid. 607, or as substantive testimony in the event the witness becomes unavailable for trial under Fed. R. Evid. 804(b)(1).**

20. Kevin Reppen Deposition, August 7, 2018

**Defendants' Objection: Defendants object to the transcript being substantively admitted into evidence, as it contains objections not yet ruled upon and potentially inadmissible evidence under Fed. R. Evid. 401, 403. Defendants have no objection if used for impeachment or refreshing recollection with the appropriate witness.**

**Plaintiff's response: Plaintiff only intends to use this exhibit for purposes of refreshing recollection under Fed. R. Evid. 612 or impeachment under Fed. R. Evid. 607, or as substantive testimony in the event the witness becomes unavailable for trial under Fed. R. Evid. 804(b)(1).**

21. Ronald Jones Deposition, July 18, 2018

**Defendants' Objection: Defendants object to the transcript being substantively admitted into evidence, as it contains objections not yet ruled upon and potentially inadmissible evidence under Fed. R. Evid. 401, 403. Defendants have no objection if used for impeachment or refreshing recollection with the appropriate witness.**

**Plaintiff's response: Plaintiff only intends to use this exhibit for purposes of refreshing recollection under Fed. R. Evid. 612 or impeachment under Fed. R. Evid. 607, or as substantive testimony in the event the witness becomes unavailable for trial under Fed. R. Evid. 804(b)(1).**

22. Peter Zygowicz Deposition, July 31, 2018 **(WITHDRAWN)**

**Defendants' Objection: Defendants object to the transcript being substantively admitted into evidence, as it contains objections not yet ruled upon and potentially inadmissible evidence under Fed. R. Evid. 401, 403. Defendants have no objection if used for impeachment or refreshing recollection with the appropriate witness.**

**Plaintiff's response: Plaintiff only intends to use this exhibit for purposes of refreshing recollection under Fed. R. Evid. 612 or impeachment under Fed. R. Evid. 607, or as substantive testimony in the event the witness becomes unavailable for trial under Fed. R. Evid. 804(b)(1).**

23. John Orton Deposition, August 29, 2018 **(WITHDRAWN)**

**Defendants' Objection: Defendants object to the transcript being substantively admitted into evidence, as it contains objections not yet ruled upon and potentially**

inadmissible evidence under Fed. R. Evid. 401, 403. Defendants have no objection if used for impeachment or refreshing recollection with the appropriate witness.

**Plaintiff's response: Plaintiff only intends to use this exhibit for purposes of refreshing recollection under Fed. R. Evid. 612 or impeachment under Fed. R. Evid. 607, or as substantive testimony in the event the witness becomes unavailable for trial under Fed. R. Evid. 804(b)(1).**

24. Edwin Dantes Deposition, November 27, 2018

**No objection to extent both parties are seeking to have Edwin Dantes' Deposition read into the record, based on designations of relevant portions of Edwin Dantes' Deposition transcript after rulings by this Court on any objections.**

25. Transcript of Criminal Proceedings, January 29, 2014, FCRL 773-893

**Defendants' Objection: Hearsay. Defendants object to the transcript being substantively admitted into evidence. No objection if used for impeachment or refreshing recollection with the appropriate witness.**

**Plaintiff's response: Plaintiff only intends to use this exhibit for purposes of refreshing recollection under Fed. R. Evid. 612 or impeachment under Fed. R. Evid. 607, or as substantive testimony in the event the witnesses becomes unavailable for trial under Fed. R. Evid. 804(b)(1). Further, to the extent the transcript contains a prior statement inconsistent with the declarant's trial testimony, such statement is not hearsay under Fed. R. Evid. 801(d)(1)(A).**

26. Criminal Trial Testimony of Nora Fernando, October 25, 2016

**Defendants' Objection: Hearsay. Defendants object to the transcript being substantively admitted into evidence. No objection if used for impeachment or refreshing recollection with the appropriate witness.**

**Plaintiff's response: Plaintiff only intends to use this exhibit for purposes of refreshing recollection under Fed. R. Evid. 612 or impeachment under Fed. R. Evid. 607, or as substantive testimony in the event the witnesses becomes unavailable for trial under Fed. R. Evid. 804(b)(1). Further, to the extent the transcript contains a prior statement inconsistent with the declarant's trial testimony, such statement is not hearsay under Fed. R. Evid. 801(d)(1)(A).**

27. Transcript of Criminal Proceedings, December 27, 2016

**Defendants' Objection: Hearsay. Defendants object to the transcript being substantively admitted into evidence. No objection if used for impeachment or refreshing recollection with the appropriate witness.**

**Plaintiff's response: Plaintiff only intends to use this exhibit for purposes of refreshing recollection under Fed. R. Evid. 612 or impeachment under Fed. R. Evid. 607, or as substantive testimony in the event the witnesses becomes unavailable for trial under Fed. R. Evid. 804(b)(1). Further, to the extent the transcript contains a prior statement inconsistent with the declarant's trial testimony, such statement is not hearsay under Fed. R. Evid. 801(d)(1)(A).**

28. Criminal Trial Testimony of Aubrey Earls, December 27, 2016

**Defendants' Objection: Hearsay. Defendants object to the transcript being substantively admitted into evidence. No objection if used for impeachment or refreshing recollection with the appropriate witness.**

**Plaintiff's response: Plaintiff only intends to use this exhibit for purposes of refreshing recollection under Fed. R. Evid. 612 or impeachment under Fed. R. Evid. 607, or as substantive testimony in the event the witnesses becomes unavailable for trial under Fed. R. Evid. 804(b)(1). Further, to the extent the transcript contains a prior statement inconsistent with the declarant's trial testimony, such statement is not hearsay under Fed. R. Evid. 801(d)(1)(A).**

29. Criminal Trial Testimony of Bryan Velez, December 27, 2016

**Defendants' Objection: Hearsay. Defendants object to the transcript being substantively admitted into evidence. No objection if used for impeachment or refreshing recollection with the appropriate witness.**

**Plaintiff's response: Plaintiff only intends to use this exhibit for purposes of refreshing recollection under Fed. R. Evid. 612 or impeachment under Fed. R. Evid. 607, or as substantive testimony in the event the witnesses becomes unavailable for trial under Fed. R. Evid. 804(b)(1). Further, to the extent the transcript contains a prior statement inconsistent with the declarant's trial testimony, such statement is not hearsay under Fed. R. Evid. 801(d)(1)(A).**

30. Transcript of Criminal Proceedings, January 20, 2017

**Defendants' Objection: Hearsay. Defendants object to the transcript being substantively admitted into evidence. No objection if used for impeachment or refreshing recollection with the appropriate witness.**

**Plaintiff's response: Plaintiff only intends to use this exhibit for purposes of refreshing recollection under Fed. R. Evid. 612 or impeachment under Fed. R. Evid. 607, or as substantive testimony in the event the witnesses becomes unavailable for trial under Fed. R. Evid. 804(b)(1). Further, to the extent the transcript contains a prior statement inconsistent with the declarant's trial testimony, such statement is not hearsay under Fed. R. Evid. 801(d)(1)(A).**

31. Criminal Trial Testimony of David Lowery, January 20, 2017

**Defendants' Objection: Hearsay. Defendants object to the transcript being substantively admitted into evidence. No objection if used for impeachment or refreshing recollection with the appropriate witness.**

**Plaintiff's response: Plaintiff only intends to use this exhibit for purposes of refreshing recollection under Fed. R. Evid. 612 or impeachment under Fed. R. Evid. 607, or as substantive testimony in the event the witnesses becomes unavailable for trial under Fed. R. Evid. 804(b)(1). Further, to the extent the transcript contains a prior statement inconsistent with the declarant's trial testimony, such statement is not hearsay under Fed. R. Evid. 801(d)(1)(A).**

32. Transcript of Criminal Proceedings, February 8, 2017

**Defendants' Objection: Hearsay. Defendants object to the transcript being substantively admitted into evidence. No objection if used for impeachment or refreshing recollection with the appropriate witness.**

**Plaintiff's response: Plaintiff only intends to use this exhibit for purposes of refreshing recollection under Fed. R. Evid. 612 or impeachment under Fed. R. Evid. 607, or as substantive testimony in the event the witnesses becomes unavailable for trial under Fed. R. Evid. 804(b)(1). Further, to the extent the transcript contains a prior statement inconsistent with the declarant's trial testimony, such statement is not hearsay under Fed. R. Evid. 801(d)(1)(A).**

33. Transcript of Criminal Proceedings, June 12, 2017 (FCRL 1-30)

**Defendants' Objection: Hearsay. Defendants object to the transcript being substantively admitted into evidence. No objection if used for impeachment or refreshing recollection with the appropriate witness.**

**Plaintiff's response: Plaintiff only intends to use this exhibit for purposes of refreshing recollection under Fed. R. Evid. 612 or impeachment under Fed. R. Evid. 607, or as substantive testimony in the event the witnesses becomes unavailable for trial under Fed. R. Evid. 804(b)(1). Further, to the extent the transcript contains a prior statement**

inconsistent with the declarant's trial testimony, such statement is not hearsay under Fed. R. Evid. 801(d)(1)(A).

50. Video Statement Log, Erica Carmona VSI, January 18, 2013, FCRL 190-200

54. Felony Minutes Form 101, January 20, 2013, FCRL 177

**Defendants' Objection:** Hearsay. Defendants object to the reports being substantively admitted into evidence. No objection if used for impeachment or refreshing recollection with the appropriate witness.

**Plaintiff's Response:** CPD Reports fall under exceptions to the rule against hearsay as present sense impressions (Fed. R. Evid. 803(1)), recorded recollections (Fed. R. Evid. 803(5)), records of a regularly conducted activity (Fed. R. Evid. 803(6)), public records (Fed. R. Evid. 803(8)), and to the extent it contains statements by Defendants, are opposing party statements excluded from the hearsay rule (Fed. R. Evid. 801(d)(2)).

56. SA Zito interview notes, undated, FCRL 459-461, 574-576

**Defendants' Objection:** Hearsay. Defendants object to the reports being substantively admitted into evidence. No objection if used for impeachment or refreshing recollection with the appropriate witness.

**Plaintiff's Response:** CPD Reports fall under exceptions to the rule against hearsay as present sense impressions (Fed. R. Evid. 803(1)), recorded recollections (Fed. R. Evid. 803(5)), records of a regularly conducted activity (Fed. R. Evid. 803(6)), public records (Fed. R. Evid. 803(8)), and to the extent it contains statements by Defendants, are opposing party statements excluded from the hearsay rule (Fed. R. Evid. 801(d)(2)).

74. CPD Crime Scene Processing Report, January 18, 2013, FCRL 141-142

**Defendants' Objection:** Hearsay. Defendants object to the reports being substantively admitted into evidence. No objection if used for impeachment or refreshing recollection with the appropriate witness.

**Plaintiff's Response:** CPD Reports fall under exceptions to the rule against hearsay as present sense impressions (Fed. R. Evid. 803(1)), recorded recollections (Fed. R. Evid. 803(5)), records of a regularly conducted activity (Fed. R. Evid. 803(6)), public records (Fed. R. Evid. 803(8)), and to the extent it contains statements by Defendants, are opposing party statements excluded from the hearsay rule (Fed. R. Evid. 801(d)(2)).

77. CPD Crime Scene Processing Report, January 22, 2013, FCRL 478-479, 593-594, 706-707, 1061-1062, 1067-1068

**Defendants' Objection: Hearsay.** Defendants object to the reports being substantively admitted into evidence. No objection if used for impeachment or refreshing recollection with the appropriate witness.

**Plaintiff's Response: CPD Reports fall under exceptions to the rule against hearsay as present sense impressions (Fed. R. Evid. 803(1)), recorded recollections (Fed. R. Evid. 803(5)), records of a regularly conducted activity (Fed. R. Evid. 803(6)), public records (Fed. R. Evid. 803(8)), and to the extent it contains statements by Defendants, are opposing party statements excluded from the hearsay rule (Fed. R. Evid. 801(d)(2).**

79. Illinois State Police Laboratory Report, January 22, 2013, FCRL 164-165, 456-457, 571-572, 1109-1110

**Defendants' Objection: Hearsay.** Defendants object to the reports being substantively admitted into evidence. No objection if used for impeachment or refreshing recollection with the appropriate witness.

**Plaintiff's Response: CPD Reports fall under exceptions to the rule against hearsay as present sense impressions (Fed. R. Evid. 803(1)), recorded recollections (Fed. R. Evid. 803(5)), records of a regularly conducted activity (Fed. R. Evid. 803(6)), public records (Fed. R. Evid. 803(8)), and to the extent it contains statements by Defendants, are opposing party statements excluded from the hearsay rule (Fed. R. Evid. 801(d)(2).**

80. Illinois State Police Laboratory Report, January 29, 2013, FCRL 161, 458, 514, 573, 629, 1108

**Defendants' Objection: Hearsay.** Defendants object to the reports being substantively admitted into evidence. No objection if used for impeachment or refreshing recollection with the appropriate witness.

**Plaintiff's Response: CPD Reports fall under exceptions to the rule against hearsay as present sense impressions (Fed. R. Evid. 803(1)), recorded recollections (Fed. R. Evid. 803(5)), records of a regularly conducted activity (Fed. R. Evid. 803(6)), public records (Fed. R. Evid. 803(8)), and to the extent it contains statements by Defendants, are opposing party statements excluded from the hearsay rule (Fed. R. Evid. 801(d)(2).**

81. Illinois State Police Laboratory Report, September 28, 2013, FCRL 498, 613, 1113

**Defendants' Objection: Hearsay.** Defendants object to the reports being substantively admitted into evidence. No objection if used for impeachment or refreshing recollection with the appropriate witness.

**Plaintiff's Response: CPD Reports fall under exceptions to the rule against hearsay as present sense impressions (Fed. R. Evid. 803(1)), recorded recollections (Fed. R. Evid.**

803(5)), records of a regularly conducted activity (Fed. R. Evid. 803(6)), public records (Fed. R. Evid. 803(8)), and to the extent it contains statements by Defendants, are opposing party statements excluded from the hearsay rule (Fed. R. Evid. 801(d)(2).

83. Photographs, Scene, January 17, 2013, FCRL 1158-1205

85. Swedish Covenant Hospital Records for Gregorio Carmona

      **Defendants' Objection: Hearsay, foundation. No objection if proper foundation is laid through the appropriate witness.**

      **Plaintiff's Response: Medical records fall under exceptions to the rule against hearsay as present sense impressions (Fed. R. Evid. 803(1)), recorded recollections (Fed. R. Evid. 803(5)), records of a regularly conducted activity (Fed. R. Evid. 803(6)). Plaintiff has named records keepers as witnesses to authenticate the records for foundational purposes.**

86. Claudia Martinez-Rayo Death Certificate (FCRL 2254)

      **Defendants' Objection: Hearsay, foundation. No objection if proper foundation is laid through the appropriate witness.**

      **Plaintiff's Response: Death certificates fall under exceptions to the rule against hearsay as present sense impressions (Fed. R. Evid. 803(1)), recorded recollections (Fed. R. Evid. 803(5)), records of a regularly conducted activity (Fed. R. Evid. 803(6)), and public records (Fed. R. Evid. 803(8)). Plaintiff has named Medical Examiner Woertz as a potential witness to authenticate the records for foundational purposes, if Defendants do not stipulate to its authenticity.**

87. Report of Postmortem Examination, January 18, 2013, FCRL 894-899, 2241-2257

      **Defendants' Objection: Hearsay. Defendants object to the reports being substantively admitted into evidence. No objection if used for impeachment or refreshing recollection with the appropriate witness.**

      **Plaintiff's Response: Postmortem Examination reports fall under exceptions to the rule against hearsay as present sense impressions (Fed. R. Evid. 803(1)), recorded recollections (Fed. R. Evid. 803(5)), records of a regularly conducted activity (Fed. R. Evid. 803(6)), and public records (Fed. R. Evid. 803(8)). Plaintiff has named Medical Examiner Woertz as a potential witness to authenticate the records for foundational purposes, if Defendants do not stipulate to its authenticity.**

88. PAX 501, Officer's Legal Handbook, vol. 10 no. 3, March 18, 2010

**Defendants' Objection: Relevance, foundation. Defendants object to the relevancy of this handbook, as a document not disclosed in the course of discovery, to the extent Plaintiff is offering no witness at trial to lay the foundation for this exhibit.**

**Plaintiff's Response: This document is relevant to defending any assertion of qualified or absolute immunity by Defendants as it goes to their knowledge that their conduct violated Plaintiff's constitutional rights. Furthermore, Defendants' Response to Plaintiff's Motion in Limine No. 3 admits that the Defendants' training and experience are relevant in this case. The witnesses disclosed by Plaintiff can testify as to their familiarity with the document to establish foundation.**

89. CPD Directives, FCRL 2281-2725 **(OTHER THAN 2288-2290 & 2313-2321)**

**Defendants' Objection: Defendants have a standing Motion *in Limine* regarding directives. See Defendants' Motion *in Limine* No. 3, 24. However, if such motions should be denied, Defendants object to directives being admitted substantively into evidence, as they are not relevant. Defendants would have no objection if used for impeachment or refreshing recollection with the appropriate witness.**

**Plaintiff's Response: This document is relevant to defending any assertion of qualified or absolute immunity by Defendants as it goes to their knowledge that their conduct violated Plaintiff's constitutional rights. Furthermore, Defendants' Response to Plaintiff's Motion in Limine No. 3 admits that the Defendants' training and experience are relevant in this case. The witnesses disclosed by Plaintiff can testify as to their familiarity with the document to establish foundation. See also Plaintiff's Response to Defendants' Motions in Limine Nos. 3 and 24.**

Respectfully Submitted,

By:        /s/ Anthony J. Peraica

Anthony J. Peraica, ARDC No. 6186661
Anthony J. Peraica & Associates, Ltd.
Attorneys for Plaintiff, Gregorio Carmona
5130 South Archer Avenue
Chicago, Illinois 60632
773-735-1700
peraicalaw@aol.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 22, 2019, I presented the foregoing to the Clerk of Court for filing and uploading to the CM/ECF system, which shall send notification of such filing to all attorneys of record.

By:     /s/ Anthony J. Peraica

Anthony J. Peraica, ARDC No. 6186661
Anthony J. Peraica & Associates, Ltd.
Attorneys for Plaintiff, Gregorio Carmona
5130 South Archer Avenue
Chicago, Illinois  60632
773-735-1700
peraicalaw@aol.com